UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RODNEY HILL,

                Petitioner,

                              **DECISION AND ORDER**
                              11-CV-772A

      v.

ERIC H. HOLDER et al.,

                Respondents.

---

On September 14, 2011, petitioner Rodney Hill filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner has been in criminal custody since December 16, 2009 in a related case pending before this Court. (*See* Case No. 10-CR-191.)  In the criminal case, petitioner was arrested on December 16, 2009 and subsequently charged in a multi-count superseding indictment in connection with a continuing criminal enterprise to distribute cocaine and cocaine base.  Pretrial discovery in the criminal case currently is proceeding before Magistrate Judge H. Kenneth Schroeder, Jr.

Even though his criminal case remains in the discovery phase and has not yet proceeded to trial, petitioner has used his habeas petition to seek relief reserved for criminal cases.  In his petition, petitioner argues that the agents who arrested him at his home on December 16, 2009 lacked a legal basis to enter his home, either by a search warrant or through exigent circumstances.  Petitioner

argues that evidence seized from his home when he was arrested therefore should be suppressed.  Petitioner also asserts that the Court should suppress wiretap evidence obtained as tainted by government misrepresentations.  Finally, petitioner asks the Court to dismiss those counts of the superseding indictment that pertain to him.

After reviewing both petitioner's habeas petition and his related criminal case, the Court identifies two problems that warrant dismissal of the habeas petition.  First, the relief sought in the habeas petition overlaps the omnibus relief that petitioner's counsel has requested in the pending criminal case.  (Case No. 10-CR-191, Dkt. No. 324.)  "Because the issues that [petitioner] raises, if resolved in his favor, would be dispositive of the underlying criminal charges for which he has been indicted, he must exhaust his claims at trial and on direct appeal before he can assert them in a habeas action." *Morrow v. Terrell*, 715 F. Supp. 2d 479, 480 (S.D.N.Y. 2010) (citations omitted).  Second, petitioner's counsel previously filed an appeal of Magistrate Judge Schroeder's detention order in the criminal case.  (Case No. 10-CR-191, Dkt. No. 6.)  Although petitioner does not refer to the appeal in his habeas petition, it is pending and will be addressed at oral argument on October 18, 2011.  To the extent that petitioner's habeas petition essentially operates as a bail motion, he "will have the opportunity to address in that [criminal] proceeding the issues he raises in the Petition." *Morrow*, 715 F. Supp. 2d at 480 (citations omitted).

For all of the foregoing reasons, then, the Court dismisses petitioner's habeas corpus petition (Dkt. No. 1).  The Clerk of the Court shall close this case.

In addition, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. U.S.*, 369 U.S. 438 (1962).

Petitioner will have 30 days from entry of judgment to file any notice of appeal with the Clerk of this Court.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: September 23, 2011